# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2021

Lyle W. Cayce
Clerk

No. 21-50289
consolidated with
No. 21-50304
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO SILVESTRE-GREGORIO,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-1-1
USDC No. 4:20-CR-513-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

---

\* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50289
c/w No. 21-50304

Pedro Silvestre-Gregorio appeals his conviction and sentence under 8 U.S.C. § 1326(a) and (b)(1), along with the revocation of a term of supervised release imposed for his previous illegal reentry offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Silvestre-Gregorio contends that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than an element of the offense. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Silvestre-Gregorio concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time is DENIED.